```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
ROBERT GEISER, et al.,                                            :
                                                                  :
                              Plaintiffs,                         :
                                                                  :        22-CV-1968 (JMF)
             -v-                                                  :
                                                                  :            ORDER
THE SALVATION ARMY,                                               :
                                                                  :
                              Defendant.                          :
                                                                  :
------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

## ORDER CONDITIONALLY CERTIFYING COLLECTIVE ACTION AND APPROVING PROPOSED NOTICE

Upon review of the Parties' Joint Motion for Entry of Order Conditionally Certifying Collective Action and Approving Proposed Notice Plan Pursuant to Stipulation ("216(b) Stipulation") and the papers submitted by both Parties, the Court hereby GRANTS the Parties' 216(b) Stipulation as modified herein. Through the Second Amended Complaint and the evidence before the Court, Plaintiffs have made substantial allegations that they are "similarly situated" to other current and former ARC participants under 29 U.S.C. § 216(b), and that permitting this case to proceed as a collective action would promote judicial economy and avoid the risk of inconsistent judgments. Pursuant to *Hoffman-LaRoche v. Sperling*, 439 U.S. 165 (1989), notice should issue to the proposed collective. **Subject to the modifications ordered below**, the form of notice and consent form submitted by the Parties is sufficient and proper.

Accordingly, the Court HEREBY ORDERS the following:

a.  This lawsuit is conditionally certified as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), with the collective to include: All persons enrolled in any Salvation

      Army Adult Rehabilitation Center from three years plus 266 days prior to the date notice is issued to 90 days after notice is issued and who did not enroll in the program to comply with a court order or as a condition of probation, parole, or community supervision;

b. Defendant is directed to produce confidentially available contact information in electronic format for all potential members of the collective to Simpluris — including, if available, the names, current or last known mailing addresses, current or last known email addresses, current or last known telephone numbers (including cell phone numbers), dates of attendance at an ARC, ARC locations, Social Security Number (full or partial, as available), and identification number, if any — within 7 days of the date the Court grants this joint motion and on a bi-weekly basis throughout the notice period;

c. The proposed notices and consent to join forms attached as Exhibits 1-6 to the parties' Joint Motion, *see* ECF No 120, are approved, **subject to the following modifications:**

    1. All discussions of what it means to be included in the lawsuit, *see, e.g.*, ECF No. 120-1, at 7-8, 11, shall be modified to make clear that if the Salvation Army prevails, an opt-in plaintiff would be bound only as to the federal claims;

    2. The notices (and opt-in form) shall be modified to note that opt-plaintiffs will be represented by the listed counsel unless they specify otherwise — but to that end, shall make clear that opt-ins may hire his or her own counsel (or proceed *pro se*);

    3. The cover email for notice, *see* ECF No. 120-4, shall be modified to state up front that the email is court-authorized and that the email and notice are not a solicitation from a lawyer;

    4. The text notice, *see* ECF No. 120-5, shall be modified to state that it is not a solicitation from a lawyer; and

    5. The opt-in form, *see* ECF No. 120-6, shall be modified as noted above and to include a specific date in Paragraph 3 (in lieu of the phrase "after three years plus 266 days…");[1]

d. The third-party administrator, Simpluris, is approved to send the Court-approved notices to the collective via U.S. mail, e-mail, and text message, and to conduct the online notice program, described in the Parties' stipulation and in the Simpluris declaration, Exhibit 7;

e. Defendant is directed to provide individualized notice to each participant in an ARC during the notice period and provide periodically-updated certifications, **no less frequently than monthly**, that all participants have been provided individualized notice, including participants who joined an ARC during the notice period;

f. Defendant and Plaintiffs shall share the cost of notice as set forth in the Parties' stipulation;

g. The proposed reminder notice is approved and the third-party administrator is authorized to send the reminder notice by mail, email, and text message; and

h. A 90-day opt-in period is approved.

The Clerk of Court is directed to terminate ECF No. 120.

    SO ORDERED.

Dated: May 10, 2023
       New York, New York

                                              JESSE M. FURMAN
                                              United States District Judge

---

[1] Presumably, the word "after" should also be changed to "within" or the like.