UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT GEISER, et al.,<br><br>                              Plaintiffs,<br><br>        -against-<br><br>THE SALVATION ARMY,<br><br>                              Defendant. | 22-cv-1968 (AS)<br><br>NOTICE OF REASSIGNMENT |

ARUN SUBRAMANIAN, United States District Judge:

This case has been reassigned to the undersigned. All counsel and *pro se* Plaintiff must familiarize themselves with the Court's Individual Rules, which are available at https://nysd.uscourts.gov/hon-arun-subramanian, including the Court's Individual Practices in Civil *Pro Se* Cases. Unless and until the Court orders otherwise, all prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment.

Additionally, by August 29, 2023, the parties are hereby ORDERED to confer and prepare, and Defendants are ORDERED to file on ECF and serve on *pro se* Plaintiff, a joint letter updating the Court on the status of the case. The joint letter shall not exceed four (4) pages, and shall provide the following information, to the extent it is relevant, in separate paragraphs:

1. Names and current contact information of counsel and *pro se* Plaintiff, if different from the information currently reflected on the docket;

2. A brief statement of the nature of the case and/or the principal defenses thereto;

3. A brief explanation of why jurisdiction and venue lie in this Court. In any action in which subject matter jurisdiction is founded on diversity of citizenship pursuant to Title 28, United States Code, Section 1332, the letter must explain the basis for the parties' belief that diversity of citizenship exists. Where any party is a corporation,

the letter shall state both the place of incorporation and the principal place of business. In cases where any party is a partnership, limited partnership, limited liability company, or trust, the letter shall state the citizenship of each of the entity's members, shareholders, partners, and/or trustees;

4. A statement of all existing deadlines, due dates, and/or cut-off dates;

5. A statement of any previously-scheduled conference dates with the Court that have not yet occurred and the matters that were to be discussed;

6. A brief description of any outstanding motions, including the date of the motion and the nature of the relief sought;

7. A statement and description of any pending appeals;

8. A detailed statement of all discovery undertaken to date, including how many depositions each party has taken and what, if any, discovery remains that is essential for the parties to engage in meaningful settlement negotiations;

9. A brief description of the status of prior settlement discussions, without disclosing exact offers and demands;

10. A statement of whether the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (*e.g.*, within the next 60 days, after the deposition of plaintiff is completed, after the close of fact discovery, etc.) the use of such a mechanism would be appropriate;

11. An estimate of the length of trial; and

12. Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive or novel issue raised by the case.

If this case has been settled or otherwise terminated, the parties need not submit such letter or appear, provided that a stipulation of discontinuance, voluntary dismissal, or other proof of termination is filed on the docket prior to the joint letter submission deadline, using the appropriate ECF Filing Event.  *See* SDNY ECF Rules & Instructions §§ 13.17-13.19, available at http://nysd.uscourts.gov/ecf_filing.php.  Requests for extensions or adjournment of dates not affected by this Order may be made only in accordance with the Court's Individual Rules and Practices, including the Court's Individual Rules of Practice in Civil *Pro Se* Cases, which are available at https://nysd.uscourts.gov/hon-arun-subramanian.

The Clerk of Court is respectfully directed to mail this Order, along with Judge Subramanian's Individual Practices in Civil *Pro Se* Cases, which are attached to this Order, to *pro se* Plaintiff.

SO ORDERED.

Dated: August 9, 2023
New York, New York

ARUN SUBRAMANIAN
United States District Judge

3

Revised: July 29, 2023

# INDIVIDUAL PRACTICES IN CIVIL PRO SE CASES
## Arun Subramanian, United States District Judge

**Pro Se Office**
United States District Court
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square, Room 105
New York, NY 10007
(212) 805-0175

**Unless otherwise ordered by the Court, these Individual Practices apply to all civil cases involving pro se litigants (that is, litigants without counsel) before Judge Subramanian.**

1. **Civility in All Proceedings**

   Parties, including pro se litigants, must act with the highest degree of professionalism and courtesy in their dealings with other parties, the Court and Court staff, and anyone else involved in the litigation. Abusive conduct of any kind will not be tolerated and should promptly be brought to the Court's attention.

2. **Pro Se Clinic**

   There is a Pro Se Law Clinic in this District to assist non-incarcerated people who are parties in civil cases and do not have lawyers. The Clinic may be able to provide a non-incarcerated pro se litigant with advice in connection with his or her case. The Pro Se Law Clinic is run by a private organization called the New York Legal Assistance Group; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any unrepresented party through the Pro Se Intake Unit). The Clinic is in the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, in Room LL22. Under normal circumstances, the Clinic is open on weekdays from 10 a.m. to 4 p.m., except on days when the Court is closed. An unrepresented party can make an appointment either in person, by phone at (212) 659-6190, or online at https://nylag.org/pro-se-clinic/.

3. **Communications with Chambers**

   A. **No Communications by a Pro Se Party to Chambers.** All communications with the Court by a pro se party should be in writing and delivered in person, mailed, or emailed as a PDF to Temporary_Pro_Se_Filing@nysd.uscourts.gov. No documents or court filings may be sent directly to Chambers. Unless the Court orders otherwise, all communications with the Court will be docketed upon receipt; such docketing shall constitute service on any user of the ECF system. If any other party is not a user of the ECF system (e.g., if there is another pro se party in the case), a pro se party must send copies of any filing to that party and include an Affidavit of Service or other statement affirming that it has done so. Copies of

4

correspondence between a pro se party and opposing parties shall not be sent to the Court.

Pro se parties may not call the Court directly. Any questions should be directed to the Pro Se Office at (212) 805-0175.

B. **Communications by Parties Represented by Counsel.** Except as otherwise provided below, communications with the Court by a represented party shall be governed by Judge Subramanian's Individual Practices in Civil Cases, available at https://nysd.uscourts.gov/hon-arun-subramanian.

C. **Requests for Adjournments or Extensions of Time.** All requests for adjournments or extensions of time must be made in writing and must state: (1) the original date(s); (2) the number of previous requests for adjournment or extension; (3) whether these previous requests were granted or denied; (4) the reasons for the requested extension; (5) whether the adversary consents and, if not, the reasons given by the adversary for refusing to consent; and (6) the date of the parties' next scheduled appearance before the Court as well as any other existing deadlines. Requests for extensions of deadlines regarding a matter that has been referred to a Magistrate Judge shall be addressed to that assigned Magistrate Judge.

Absent an emergency, any request for extension or adjournment shall be made at least 48 hours prior to the deadline or scheduled appearance. Requests for extensions will ordinarily be denied if made after the expiration of the original deadline.

4. **Filing of Papers and Service**

    A. **Consent to Receive Electronic Service.** To ensure timely service of documents, including Court Orders, non-incarcerated pro se parties are encouraged to consent to receive electronic service through the ECF System. To do so, a pro se party should review the instructions available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-Instructions.pdf, and then submit a Consent to Electronic Service (available at https://www.nysd.uscourts.gov/sites/default/files/2021-03/Consent_Pro-Se_Eservice-form.pdf).

    B. **Papers Filed by a Pro Se Party.** A pro se party may file papers with the Court by:

        i. delivering them in person to the Pro Se Office, Thurgood Marshall Courthouse, 40 Foley Square, Room 105, New York, NY 10007;

        ii. mailing them to Pro Se Intake at: United States District Court, Southern District of New York, 500 Pearl Street, New York, NY 10007, ATTN: Pro Se Intake;

5

      iii. emailing them as an attachment in PDF format to Temporary_Pro_Se_Filing@nysd.uscourts.gov, in which case the pro se party should follow the instructions contained in the April 1, 2020, Addendum to the Court's ECF Rules & Instructions, available in Appendix C at https://www.nysd.uscourts.gov/electronic-case-filing; or

      iv. filing them on the ECF System if the pro se party has filed a motion to participate in ECF (available here and in the Pro Se Office) and been granted such permission by the Court.

   **C. Service on a Pro Se Party.** Absent a pro se party consenting to receipt of electronic service, counsel in pro se cases must serve a pro se party with a paper copy of any document that is filed electronically and must file with the Court a separate Affidavit of Service. Submissions filed without proof of service that the pro se party was served will not be considered.

**5. Discovery**

   **A.** All requests for discovery by a pro se party should be sent to counsel for the party from whom discovery is sought. <u>Discovery requests should not be sent to the Court.</u>

   **B.** If there are any discovery disputes, the parties are required to confer with one another to try to resolve the dispute without the need for Court intervention. If the parties are unable to resolve their dispute, either party may file a letter-motion, no longer than three pages and in accordance with Paragraph 1 above, explaining the nature of the dispute and requesting an informal conference. If the opposing party wishes to respond to the letter, it must promptly file a responsive letter, not to exceed three pages.

**6. Motions**

   **A. Filing and Service.** Unless otherwise ordered by the Court, papers filed in opposition to a motion must be served and filed within 30 days of service of the motion papers, and reply papers, if any, must be served and filed within two weeks of receipt of opposition papers.

   **B. Pro Se Notices.** Parties who file a motion to dismiss, a motion for judgment on the pleadings, or a motion for summary judgment must provide the pro se party with a copy of the notices required under Local Civil Rules 12.1 or 56.2.

   **C. Special Rule for Summary Judgment Motions.** With respect to any deposition that is supplied in connection with a summary judgment motion, the index to the deposition should be included if it is available.

    D. **No Courtesy Copies.** Unless the Court orders otherwise, parties should <u>not</u> submit courtesy hard copies of any submissions in pro se cases.

    E. **Oral Argument.** Unless otherwise ordered by the Court, oral argument will not be heard in pro se matters.

7. **Initial Case Management Conference**

Absent a motion to dismiss, the Court will generally schedule an initial case-management conference within four months of the filing of the complaint. The Notice of Initial Pretrial Conference will be docketed on ECF and mailed to the pro se party or parties. Unless and until the Court orders otherwise, the conference will be held in person in Courtroom 15A, 500 Pearl Street, New York, NY 10007. An incarcerated party may not be able to attend this or other conferences but may participate by telephone. If an incarcerated party does not have counsel and is unable to participate by telephone, a family member or a representative may attend the conference.

The Court will set a schedule for the case at the initial case management conference. In most cases, the Court will give the parties four months (from the date of the conference) to complete all discovery and set a deadline for the filing of any motions for summary judgment 30 days after the close of discovery. In advance of the initial case management conference, the parties should, if practicable, confer with one another to determine if such a schedule would be appropriate or if there is anything unusual about the case that would require more time, and be prepared to discuss those issues at the conference. The Court will issue a written order memorializing all dates and deadlines following the conference.

8. **Trial Documents**

    A. **Pretrial Statement.** Unless otherwise ordered by the Court, within 30 days of the completion of all discovery or, if a summary judgment motion is filed, within 30 days of the Court's ruling on summary judgment, the plaintiff in a pro se case shall file a concise, written Pretrial Statement. This Statement must contain the following: (1) a statement of the facts the plaintiff hopes to prove at trial; (2) a list of all documents or other physical objects that the plaintiff plans to put into evidence at trial; and (3) a list of the names and addresses of all witnesses the plaintiff intends to have testify at trial. The Statement must be sworn by the plaintiff to be true and accurate based on the facts known by the plaintiff. If pro se, the plaintiff shall file an original of this Statement with the Pro Se Office. Two weeks after service of the plaintiff's Statement, the defendant must file and serve a similar Statement of its case containing the same information.

    B. **Other Pretrial Filings.** If the case is to be tried before only a judge without a jury, any parties represented by counsel must also file proposed findings of fact and conclusions of law at the time of filing the Pretrial Statement. If the case is to be tried before a jury, any parties represented by counsel must also file proposed <u>voir dire</u> questions, a proposed jury charge, and a proposed verdict form at the time of

filing the Pretrial Statement. At the time of filing, a represented party should email these documents to the Court in both PDF and Microsoft Word formats. The pro se party may file such documents but is not required to do so and should not submit them by email.