UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT GEISER, SHAUN HALLORAN, AVERY ACKER, CHRISTINA AQUILINO, and JOSHUA FRASER, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>v.<br><br>THE SALVATION ARMY, a New York non-profit corporation,<br><br>                Defendant. | Case No. 1:22-cv-01968-AS<br><br>Honorable Arun Subramanian |

**PROTOCOL AND ORDER GOVERNING REMOTE DEPOSITIONS**

**I.    SCOPE**

1.    The procedures and protocols outlined here shall govern any fact or expert deposition in the above-referenced Action, including named plaintiffs and opt-in plaintiffs, that is agreed upon by plaintiffs and The Salvation Army, an Illinois nonprofit corporation (TSA) (collectively, the Parties), or ordered by a court to be conducted by video or internet videoconference technology, and where the deponent is in the United States and one or more examining attorneys are in different physical locations at the time of the deposition (Remote Deposition). This Order shall not apply to any deposition by or of any third-party to this Action, unless otherwise agreed to in writing by the Parties and any such third-party.

2.    Remote Depositions will be conducted in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

3.    Pursuant to Federal Rule of Civil Procedure 30(b)(4) and (5), Remote

Depositions shall be deemed to be taken before an appropriate officer even if the court reporter is not in the same physical location as the deponent, provided that the court reporter attends the deposition by the same remote means as other Deposition Participants (defined below) and is able to hear and communicate with other Deposition Participants. The Parties agree that the court reporter may administer the oath remotely and that exhibits may be marked and entered into the record remotely.

4. This Protocol does not supersede, supplant, or in any way alter the terms of the Agreed Confidentiality Order entered in this Action (the Confidentiality Order) (ECF No. 127). The Confidentiality Order remains in effect and will govern the Remote Depositions conducted under this Protocol.

5. Nothing in this Protocol shall preclude any Party or deponent to which or whom this Protocol applies from seeking to modify it later for good cause shown; prior to doing so, however, counsel shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Protocol.

6. As used in this Protocol, the term "Deposition Participants" means all persons attending a Remote Deposition and includes, as applicable: (i) all attending Plaintiffs' counsel; (ii) all attending TSA counsel; (iii) counsel for any third-party subpoenaed for the subject deposition (if the third-party and the Parties agree in writing that this Order applies to the third-party's deposition per Paragraph 1); (iv) the deponent; (v) the deponent's counsel; (vi) in-house counsel for TSA or any third-party; (vii) the court reporter; (viii) the videographer; (ix) an interpreter, if necessary; and (x) any other participant agreed upon by the Parties.

7. The Parties will cooperate in the scheduling of depositions. Before issuing a deposition notice, the noticing Party must meet and confer with counsel for the deponent to

identify a mutually agreeable date and time for the deposition.

## II.    REMOTE DEPOSITION PLATFORM

8.  Pursuant to Federal Rule of Civil Procedure 30, the deposition notice for any Remote Deposition shall identify the court reporting service that will host and record the Remote Deposition and contain a general description of how Deposition Participants may access the Remote Deposition. The Parties agree to use Veritext (the Remote Deposition Vendor) to host the Remote Depositions, unless otherwise agreed on a case-by-case basis.

9.  The Remote Deposition will be hosted by the Remote Deposition Vendor's remote deposition platform. Hosting and co-hosting privileges will not be given to any Deposition Participant aside from the Remote Deposition Vendor's personnel assigned to the proceeding.

10. The Party noticing the Remote Deposition will instruct the Remote Deposition Vendor to register Deposition Participants for the Remote Deposition in advance of the deposition, based upon a list of Deposition Participants to be jointly agreed to by the Parties. The Parties will make every effort to provide the Remote Deposition Vendor with a list of Deposition Participants at least 72 hours in advance of the Remote Deposition. Only Deposition Participants registered by the Remote Deposition Vendor will be permitted to enter the Remote Deposition, which will require a password.

11. Prior to the commencement of any Remote Deposition, the deponent may participate in a training with the Remote Deposition Vendor to familiarize himself or herself with the Remote Deposition Vendor's remote deposition platform. Counsel for the deponent may attend this training. Any Deposition Participant may request a separate training from the Remote Deposition Vendor.

12. Remote Depositions shall be conducted such that all Deposition Participants will

have access to real time audio and video feeds, with the option upon request to obtain the real time transcription feed of the deposition. The deponent, the attorney examining the deponent (Examining Counsel) and the attorney defending the remote deposition (Defending Counsel) must have access to the following technology:

    a.    A reliable Internet connection capable of supporting video feeds;

    b.    Computer or tablet with a camera; and

    c.    Telephone and/or audio capabilities capable of connecting with the Remote Deposition Platform. Computer audio is sufficient for this purpose.

Prior to the commencement of a Remote Deposition, the deponent shall also confirm through his or her counsel, that he or she has a suitable indoor location for the deposition that is quiet, well-lit, and free of distraction. Deposition Participants will be permitted to use a plain virtual background feature, at their option, provided that it does not interfere with the Remote Deposition Vendor's videotaping of the deposition, or the decorum of the deposition.

    13.    If any Deposition Participant does not have access to this technology, that person or their counsel must notify counsel for the noticing Party as soon as practicable, and at least five (5) business days in advance of the deposition date. Upon receiving such notice, the Parties must determine whether the deposition should proceed in-person. By their signatures, Counsel for the Parties confirm they have access to the technology described in Paragraph 12.

    14.    Prior to a Remote Deposition, any Deposition Participant may request that the Remote Deposition Vendor arrange for virtual break-out rooms. Only those individuals registered for a particular virtual break-out room will be permitted access to that virtual break-out room, with the exception of the Remote Deposition Vendor's technical personnel, as necessary. The virtual break-out rooms shall be treated as private and no audio recording, video recording, or transcription is permitted in the virtual break-out rooms.

15. Prior to or during a Remote Deposition, any Deposition Participant may request from the Remote Deposition Vendor access to RealTime transcription for use during the deposition.

16. The only recording of the Remote Deposition, whether audio or visual, will be through the Remote Deposition Vendor, which will record the Remote Deposition using the best available technological means. The Parties and Deposition Participants may not use any other means, whether audio or visual, to record the Remote Deposition. The Parties will instruct the Remote Deposition Vendor to record only when the deposition is on the record.

17. To the extent possible, the remote deposition platform should display the deponent, Examining Counsel, and Defending Counsel on the video screen at all times, unless one or more counsel must be taken off screen to display an exhibit; however, the deponent should always be on screen. The deponent must have his or her hands fully visible on screen throughout the deposition.

18. The Parties agree that the fact that a deposition took place remotely, and was recorded remotely, is not a sufficient basis to prevent the testimony from or recording of the Remote Deposition from being admitted at trial, filed with the Court, or being used for any other purpose, with the same effect as the testimony from or recording of an in-person deposition.

19. The Parties agree to confer in good faith regarding the start time for depositions. Unless otherwise agreed to by the Parties or ordered by the Court, Remote Depositions shall be conducted during normal business hours within the deponent's local time zone and shall be subject to the aggregate time limitations set forth in Federal Rule of Civil Procedure 30(d)(l), except that the parties agree the depositions of non-Named Plaintiff opt-ins shall be presumed as limited to four hours of testimony. If a Party believes that more than seven (or four) hours

will be required to fairly examine a deponent, or if technical difficulties impede the examining attorney's ability to fairly examine the deponent in seven hours (or four hours, as relevant), the Parties agree to meet and confer about whether additional time should be allocated for that deposition. Where the deponent has restrictions on the length of time he or she may sit for a Remote Deposition on the noticed date beyond four hours for non-Named Plaintiffs and beyond seven hours for other deponents, the deponent's counsel shall notify counsel for the noticing Party at least five business days in advance of the Remote Deposition, where possible, so that the Parties may confer on a schedule to complete the deposition.

### III.   EXHIBITS

20.    The Remote Deposition Vendor may utilize technology that allows each Deposition Participant, including the deponent, to control their version of any electronic exhibit introduced at the deposition. Specifically, the deponent, and each Deposition Participant, may have the ability to scroll through the entire exhibit on his or her own, using the controls on his or her computer or tablet. The Examining Counsel may, however, utilize technology to direct the deponent and Deposition Participants to particular parts of an exhibit.

21.    Any documents that may be used as exhibits during a Remote Deposition will be transmitted in hardcopy to the deponent and the Defending Counsel (Exhibit Recipients) in a manner that will guarantee their receipt at least 12 hours in advance of the deposition, unless it is not technically feasible to do so or an Exhibit Recipient informs the Examining Counsel that he or she does not want hard copy exhibits. This provision does not apply to documents that cannot be provided in hard copy without undue burden or expense, or that cannot be printed without rendering the document illegible or impeding the deponent's comprehension thereof (*e.g.*, voluminous spreadsheets).

22. If the Examining Counsel concludes in good faith that, in light of the foregoing factors, a document cannot be provided in hard copy, at least 12 hours in advance of the Remote Deposition the Examining Counsel will send electronic versions to all Exhibit Recipients by electronic means, including but not limited to e-mail or electronic transfer. The Examining Counsel may secure the document with a password and provide such password before the start of the deposition.

23. Any hardcopy exhibits provided to the deponent in advance of a deposition *shall be sealed and only opened on the record* after the commencement of the deposition and at the direction of the Examining Counsel. If hardcopy documents that may be used as exhibits are transmitted to any other Deposition Participants in sealed envelopes, those Deposition Participants agree that they will not open the sealed envelopes or otherwise access such documents unless and until specifically requested to do so by the Examining Counsel. Any electronic documents that will or may be used as exhibits likewise shall be accessed only on the record after the commencement of the deposition and at the direction of the Examining Counsel. The Examining Counsel may ask the deponent and others receiving sealed exhibits to confirm, on the record, that no exhibit was opened prior to the deposition. All Exhibit Recipients further agree that all sealed envelopes must be opened on camera. In all cases, even when hard copy exhibits are transmitted in advance, such exhibits will be made available electronically through the Remote Deposition Vendor's remote platform for use during the course of the deposition unless the technology is causing needless delays.

24. Notwithstanding the Examining Counsel's good faith effort to provide a hard copy of exhibits he or she expects to use with the deponent during the course of the Remote Deposition, as set forth in Paragraph 21, the Parties agree that an Examining Counsel may introduce exhibits

electronically through the Remote Deposition Vendor's remote deposition platform as needed during the course of the Remote Deposition. If the Examining Counsel uses an electronic exhibit that was not previously provided pursuant to Paragraph 21, the deponent shall have the right to request the opportunity to print a hard copy of the exhibit prior to questioning on the exhibit, provided that the deponent (or counsel) makes that request, has access to a printer, and can do so in a reasonable time that does not unduly delay the Remote Deposition and will occur "off the record." After an exhibit (whether electronic or hard copy) is introduced as an exhibit during the course of the Remote Deposition and before any questioning on that exhibit, the deponent shall have the right to review that exhibit in its entirety. Nothing in this Protocol precludes a deponent from reviewing an exhibit, in part or in its entirety, after the commencement of questioning regarding that exhibit.

25. All Exhibit Recipients agree that they will not open, unseal, or otherwise access any documents that are not introduced as exhibits during a Remote Deposition, and will return all such documents to the Examining Counsel in their original sealed envelopes immediately following the conclusion of the Remote Deposition or will destroy them with the consent of the Examining Counsel. The Examining Counsel will provide a prepaid label for the return of documents by the deponent to the Examining Counsel.

26. Deposition exhibits will be transmitted to all Deposition Participants in a manner that will enable them to review: (i) the entire contents of each exhibit; and (ii) all exhibits introduced during a Remote Deposition at any time during the Remote Deposition. The Parties agree that Veritext's ExhibitShare platform and the use of screenshare satisfy the requirements of this Protocol.

27. That a deponent was provided with an electronic copy of an exhibit during a

Remote Deposition that was not provided in hard copy in advance of the deposition shall not be a basis to object to the admissibility of that exhibit at trial.

## IV.  DEPOSITION CONDUCT

28. *Deposition Participation*. The designated Remote Deposition Vendor shall provide invitations and access to the remote deposition to the Deposition Participants. This invitation to the deposition cannot be forwarded to anyone other than individuals who will use it for purposes of assisting with the deposition and troubleshooting any technological issues.

29. *Breaks*. Deposition breaks shall not be recorded and all videoconference and telephone lines shall be muted during deposition breaks except where the deposition break is conducted in virtual break out room.

30. *Technological Issues*. Any Deposition Participant reserves the right to halt the deposition due to technical issues. In the event that a deponent's camera stops working, the Examining Counsel will have the right to decide whether to continue to conduct the Remote Deposition solely by telephone or to continue the deposition, either in-person or remotely, at a later date or time, subject to the requirements of the Federal Rules of Civil Procedure. Any decision by the Examining Counsel to continue with a deposition by telephone only shall not be cause for taking a second examination of the deponent. Any decision by the Examining Counsel to continue the deposition at a later date or time due to technological issues shall not provide grounds on which to object to further examination as unduly burdensome except that the Defending Counsel does not waive any right to challenge whether the technological issue was sufficient grounds to halt the deposition, but any examination preceding the technological issues will count toward the seven-hour limit set forth in Federal Rule of Civil Procedure 30(d)(1). Should technological issues arise during the course of the remote deposition, the Parties shall

meet and confer regarding the best course of action, including whether it is necessary to continue the remote deposition.

31. Any time spent addressing technical issues will count as "off the record" time and shall not count against any time limit, provided that and starting when a questioning attorney or defending attorney specifies it is "off the record." If a technical issue prevents the Examining or Defending Counsel from speaking to other participants, the deposition shall be deemed "off the record" from that time.

32. Each Party's counsel (and counsel for the deponent, if applicable) shall designate one attorney to be the primary speaker during the Remote Deposition. All other Deposition Participants, aside from the deponent and Remote Deposition Vendor's personnel, as necessary, must set their audio on "mute" when the deposition is on the record. The witness will testify on the record that they do not have any notes or documents available to them while the deposition is on the record, other than any that have been provided to all parties. There shall be no unrecorded or unnoted conversations between the witness and any counsel involved in this case (including counsel for the witness or counsel for Defendant) during the deposition while the witness is on the record, and the Examining Counsel may ask the witness and his/her counsel to certify, on the record, that no such conversations have taken place. Furthermore, the witness shall not use or consult any means of communications while on the record during the deposition (other than audio communications used to conduct the deposition itself), including without limitation electronic communications (email, text, social media) and other communications (phone, notes, etc.), and all counsel attending the deposition will also stipulate, on the record and at the beginning and end of the deposition, that they and any individual working with them will not communicate and have not communicated with the witness while

the witness is on the record other than audibly in the presence of the court reporter. Nothing in this order prevents a deponent from seeking advice regarding the application of a privilege or immunity from testifying during the course of a deposition taken under this Protocol.

33. Any Deposition Participant may make reasonable requests for breaks as customary in non-remote depositions, which shall be granted as customary in non- remote depositions. During any break in the deposition examination, the deponent's counsel may communicate with the deponent by telephone, email or any other means of communication allowable under the Federal Rules of Civil Procedure and the Local Rules of this Court. If a Deposition Participant becomes aware of any private conversations during breaks that the conversing parties did not intend that Deposition Participant to hear, they will immediately alert the conversing parties.

34. Except during breaks or if instructed to do so by the Remote Deposition Vendor's personnel or counsel, the deponent shall not put his or her videoconferencing window on mute or turn off his or her video camera during a Remote Deposition, even when the deposition is off the record. All Deposition Participants other than the deponent, Examining Counsel, and Defending Counsel may turn off their video feed during the Remote Deposition if they are not speaking and do not anticipate speaking.

35. Absent an order of court or unless the Parties agree otherwise, only the court reporter, the videographer, employees of the Remote Deposition Vendor, and the deponent's counsel are permitted to be in the same physical location as the deponent during a Remote Deposition. If the deponent's counsel intends to be in the same physical location as the deponent during a Remote Deposition, they must provide notice to counsel for the noticing Party 5 business days prior to the start of the Remote Deposition. The Parties agree that the Examining Counsel may attend the deposition in the same physical location as the deponent, if the deponent's

counsel will be physically present as well. If any counsel will be in the same room as the deponent, the court reporter will be physically present in the same room. If the deponent's counsel is present in the same physical location as the deponent during a Remote Deposition, such counsel shall separately log into the remote deposition platform so that all Deposition Participants can both see and hear them.

36. Deposition Participants will make best efforts to conduct the Remote Deposition in a manner that allows the Examining Attorney to fully ask questions, all Defending Counsel to fully make any objections and fully ask any redirect questions, deponents to complete their answers, and the court reporter to accurately transcribe the deposition, being mindful of audio delays and related challenges inherent in any video-conferencing platform.

37. All parties shall act in good faith to fulfill the letter and spirit of this Remote Deposition Protocol. In the event that any issues in connection with a Deposition Participant or this Remote Deposition Protocol cannot be resolved consensually, subject to the Court's availability, the parties shall have the right to seek a telephonic hearing with this Court on an expedited basis.

| /s/ Jessica Riggin | /s/ Toni Michelle Jackson |
|---|---|
| Jessica Riggin | Toni Michelle Jackson* |
| RUKIN HYLAND & RIGGIN LLP | Thomas Gies* |
| 1939 Harrison St., Suite 925 | Andrew W. Bagley * |
| Oakland, CA 94612 | Sadina Montani* |
| Tele: (415) 421-1800 | Katie R. Aber |
| Fax: (415) 421-1700 | Rachel Lesser* |
| jriggin@rukinhyland.com | CROWELL & MORING LLP |
| | 1001 Pennsylvania Avenue, N.W. |
| Christine E. Webber (Ill. Bar No. 6208020) | Washington, D.C. 20004 |
| Joseph M. Sellers | Tele: (202) 624-2500 |
| Rebecca Ojserkis | Fax: (202) 628-5116 |
| COHEN MILSTEIN SELLERS & | tjackson@crowell.com |
| TOLL PLLC | tgies@crowell.com |

1100 New York Ave., N.W.
Suite 500
Washington, D.C. 20005
Tel.: (202) 408-4600
Fax.: (202) 408-4699
cwebber@cohenmilstein.com
jsellers@cohenmilstein.com
rojserkis@cohenmilstein.com

Michael Hancock
COHEN MILSTEIN SELLERS &
TOLL PLLC
88 Pine Street, 14th Floor
New York, NY 10005
Tel.: (212) 838-7797
Fax: (212) 838-7745
mhancock@cohenmilstein.com

Gay Grunfeld
Michael Freedman
Priyah Kaul
ROSEN BIEN GALVAN &
GRUNFELD LLP
101 Mission Street, 6th Floor
San Francisco, CA 94105
Tel.: (415) 433-6830
Fax: (415) 433-7104
ggrunfeld@rbgg.com
mfreedman@rbgg.com
pkaul@rbgg.com

*Attorneys for Plaintiffs*

abagley@crowell.com
smontani@crowell.com
kaber@crowell.com
rlesser@crowell.com

*Attorneys for Defendant, The Salvation Army, a New York non-profit corporation*

*\*Admitted pro hac vice*

**IT IS SO ORDERED.**

_____
THE HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE

Dated: August 30, 2023