UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVERY ACKER, et al.,<br><br>                             Plaintiffs,<br><br>        -against-<br><br>THE SALVATION ARMY,<br><br>                             Defendant. | 22-cv-1968 (AS)<br><br>ORDER |

ARUN SUBRAMANIAN, United States District Judge:

    1. Except as set forth below, this case is stayed until further order of the Court. The stay shall not apply, however, (1) to Plaintiffs filing an amended complaint to replace formerly named- plaintiffs who Plaintiffs' counsel no longer represents and to add new named-plaintiffs to represent Rule 23 classes that include individuals who attended Adult Rehabilitation Centers operated by Defendant The Salvation Army in Massachusetts, New Jersey, and Ohio; (2) to written discovery and depositions for any new named-plaintiffs added in an amended complaint; and (3) to the filing of additional opt-in forms executed after the close of the opt-in period, which filing Defendant reserves its rights to challenge as untimely.

    2. The stay shall remain in effect until at least 30 days following a decision by the district court in *Clancy v. The Salvation Army*, 22-cv-01250 (N.D. Ill.) on the Plaintiffs' anticipated motion for class certification and for final certification of collective ("*Clancy* class certification decision"), and if the Parties choose to proceed, through a decision on any motions for summary judgment filed in that case.

    3. Any Party may petition this Court to end the stay if there is an actual or perceived conflict with respect to their representation of their clients in any of the three cases.

4. The Court finds that the relevant factors favor a stay. *See Loftus v. Signpost Inc.*, 464 F. Supp. 3d 524, 526 (S.D.N.Y. 2020). Though the stay will potentially delay resolution of this matter and might prejudice either party, both parties have stipulated to the stay. The stay would serve the interests of the courts, as resolution of issues in *Clancy* may narrow the issues in or result in the resolution of the instant case, thereby conserving judicial resources. The interests of persons who are not parties to this litigation will not be affected by a stay, as the FLSA opt-in period has closed and the claims of all members of putative Rule 23 classes are protected by tolling, as established in *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). The public interest would also be served by a stay, as the public would benefit from these cases being resolved as efficiently as possible. Finally, the parties have given their informed consent to the stay.

SO ORDERED.

Dated: November 21, 2023
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge