

Crowell & Moring LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
+1.202.624.2500  main
+1.202.628.5116  fax

*Plaintiffs may transition Mr. Perry and Mr. Powell to opt-in plaintiff status and may substitute new named plaintiffs for Mr. Perry and Mr. Powell. If plaintiffs make such a substitution, defendants may conduct discovery of the new named plaintiffs.*

*The Clerk of Court is directed to terminate the motion at Dkt. 229*

*SO ORDERED.*

*Arun Subramanian, U.S.D.J.*
*Dated: March 24, 2025*

March 24, 2025

BY CM/ECF

The Honorable Arun Subramanian
United States District Court
Southern District of New York
40 Foley Square, Room 105
New York, NY 10007

Re:     *Acker et al. v. The Salvation Army*, *a New York nonprofit corporation*, 22-cv-1968 (AS)

Dear Judge Subramanian:

Defendant The Salvation Army, a New York nonprofit corporation ("TSA") seeks clarification regarding the scope of the stay ordered by this Court on November 21, 2023 ("Order") (Dkt. 209)—namely, whether the Order requires or permits TSA to complete initial written discovery[1] and depositions for all named plaintiffs during the pendency of the stay.

The Order stayed this case "until further order of the Court," and "until at least 30 days following a decision by the District Court in *Clancy v. The Salvation Army*, 22-cv-01250 (N.D. Ill.) on the Plaintiffs' anticipated motion for class certification and for final certification of [the] collective . . ., and if the Parties choose to proceed, through a decision on any motions for summary judgment filed in that case." Order at 1. The Order continued that "[t]he stay shall not apply . . . to written discovery and depositions for any new named plaintiffs added in an amended complaint." *Id.* As of this writing, the parties have not yet briefed the issues of class certification and summary judgment in the *Clancy* case, and therefore the stay remains in place. Expert discovery in *Clancy* closed on January 17, 2025, and the parties appeared before the Court for a status hearing on January 22, 2025, at which time the Court set a deadline of March 28, 2025 for Plaintiffs' motion for class certification, and scheduled an additional hearing on April 2, 2025, at which time the Court intends to set the briefing schedule for responsive briefing on class certification, as well as summary judgment. *Clancy* Dkt. 242.

Pursuant to the exceptions in the Order, on December 11, 2023, Plaintiffs filed the Third Amended Complaint naming seven additional plaintiffs. Dkt 212. TSA thereafter issued

---

[1] TSA refers here to "initial written discovery," including requests for production of documents and interrogatories. TSA recognizes, however, that there may be a need for supplemental discovery after the stay is lifted, including Requests for Admissions or additional sets of Requests for Production or Interrogatories, as the issues are narrowed or more information is learned during the discovery process.



interrogatories, requests for production of documents, and deposition notices to each of the new named plaintiffs. The parties have now completed that written discovery as to all named plaintiffs and have completed depositions for all but two named plaintiffs, Mr. Perry and Mr. Powell, who became non-responsive. TSA contends that it not only has the right to conduct discovery of the named Plaintiffs, but that it is in fact affirmatively obligated to do so by the exception to the stay. TSA has therefore requested that Plaintiffs move the Court to withdraw their representation of Mr. Perry and Mr. Powell, or otherwise transition them to opt-in plaintiff status, during the pendency of the stay.

The parties have met and conferred on this issue and do not agree whether the Order requires the completion of named plaintiff initial written discovery and depositions during the pendency of the stay. Plaintiffs have stated that they do not oppose transitioning Mr. Perry and Mr. Powell to opt-in plaintiff status, but that, per the Order, they cannot do so until after the stay is lifted. Plaintiffs have further advised the undersigned that they would seek to substitute new named plaintiffs for Mr. Perry and Mr. Powell.

Mr. Perry and Mr. Powell are named plaintiffs and should not be permitted to remain so despite becoming non-responsive to their own counsel and refusing to satisfy their discovery obligations. TSA is unwilling to sleep on its right to conduct discovery prior to the end of the stay. Moreover, Plaintiffs have already amended their complaint three times, including to substitute prior named plaintiffs, and should not be permitted to continue to further amend their complaint to continuously substitute non-responsive named plaintiffs. This Court's order allowing for TSA to complete named plaintiff discovery during the pendency of the stay recognized the need to provide some finality to the evolving list of named Plaintiffs, and TSA would suffer prejudice if Plaintiffs were permitted to substitute additional named plaintiffs.

For all the reasons above, TSA seeks the Court's clarification as to the scope of its stay Order. Plaintiffs oppose this motion.

Respectfully submitted,

*/s/ Toni Michelle Jackson*
Toni Michelle Jackson
Andrew W. Bagley
Katie R. Aber
Rachel Lesser
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20004
(202) 624-2500
TJackson@crowell.com
ABagley@crowell.com
KAber@crowell.com
RLesser@crowell.com

*Counsel for The Salvation Army*